UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J. KENNETH KEARNY USA LTD., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 04 CV 12643 RCL ) ) |
| DAVID SMITH, | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT DAVID SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant David Smith ("Smith" or "Defendant"), by his attorneys Edwards & Angell, LLP, hereby answers the Complaint of J. Kenneth Kearney USA Ltd ("Kearney" or "Plaintiff") as follows:

### First Defense

The first paragraph of Plaintiff's Complaint is introductory in nature and, therefore, no response is needed. To the extent that Plaintiff's introductory paragraph contains any factual allegations, Smith denies each and every one of them.

### Parties

1. Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, calls upon Plaintiff to prove same.

2. Smith admits that he is a Canadian citizen with a principal residence in Orange Beach, Alabama and that Hartge Smith Nonwovens LLC ("HSN") is a company organized under the laws of the State of Ohio. Smith denies each and every other allegation contained in paragraph 2 of the Complaint.

**Jurisdiction**

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is necessary. To the extent that paragraph 3 of the Complaint contains any factual allegation, Smith denies each and every one of them.

**Facts**

4. Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, calls upon Plaintiff to prove same.

5. Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, calls upon Plaintiff to prove same.

6. Smith admits that spunbond fabrics are used in industries for a variety of specialized and other uses and that developing relationships for new products or manufacturers in the spunbond industry can be a time consuming and lengthy process. Smith lacks knowledge or information sufficient to form a belief as to whether Kearney USA was NWI's marking and sales agent for NWI's products and services throughout

BOS_471802_2/TVANDYCK

the United States. Smith denies each and every other allegation contained in paragraph 6 of the Complaint.

7.  Smith admits that HSN contacted NWI in or about May, 2002 to determine if NWI was interested in purchasing equipment and that HSN was not, at that time, in the business of manufacturing and selling spunbond fabrics in the United States domestic market. Smith denies each and every other allegation contained in paragraph 7 of the Complaint.

8.  Smith denies each and every allegation contained in paragraph 8 of the Complaint.

9.  Smith lacks knowledge or information sufficient to form a belief as to whether Baroni approached Kearney USA in Massachusetts in February, 2003 about the joint venture. Smith denies each and every other allegation contained in Paragraph 9 of the Complaint.

10. Smith admits that, on or about April 29, 2003 Smith caused Nonwovens Industries (USA) L.L.C. to be formed as an Alabama limited liability company and that HSN did not transfer the equipment to NWI USA. Smith denies each and every other allegation contained in paragraph 10 of the Complaint.

11. Smith denies each and every allegation contained in paragraph 11 of the Complaint.

12. Smith denies each and every allegation contained in paragraph 12 of the Complaint.

13. Smith denies each and every allegation contained in paragraph 13 of the Complaint, except that he lacks knowledge as to Plaintiff's state of mind.

14. Smith admits that NWI-USA, NWI and Kearney USA had entered into a Sales and Marketing Agreement on or about September 17, 2003, but lacks knowledge or information sufficient to form a belief as to when it was actually signed by all the parties. As to the remainder of the allegations contained in paragraph 14 of the Complaint, the Agreement speaks for itself. To the extent the allegations contained in paragraph 14 of the Complaint accurately reflect the contents of the Agreement, Smith admits them. To the extent the allegations contained in paragraph 14 of the Complaint do not accurately reflect the contents of the Agreement, Smith denies each and every one of them. Smith specifically denies that all information already or to be provided to the joint venture was to be treated as confidential and used only for the purposes of the joint venture.

15. Smith denies each and every allegation contained in paragraph 15 of the Complaint except that it admits that Kearney began to create a market for NWI-USA's products and operating budgets and forecasts for NWI-USA, and began the process of setting up a website for NWI-USA and establishing a dedicated 800 number at its office for NWI-USA.

16. Smith denies each and every allegation contained in paragraph 16 of the Complaint.

17. Smith admits that, on or about November 4, 2003, NWI-USA, NWI and Kearney held an all-day meeting at Kearney's offices in Framingham, MA. Smith denies each and every other allegation contained in paragraph 17 of the Complaint.

18. Smith denies each and every allegation contained in paragraph 18 of the Complaint.

19. Smith admits that the NWI suit sought a declaration that the joint venture agreement between HSN and NWI was null and void. Smith denies each and every other allegation contained in paragraph 19 of the Complaint.

20. Smith denies each and every allegation contained in paragraph 20 of the Complaint.

21. Smith denies each and every allegation contained in paragraph 21 of the Complaint.

22. Smith admits that, on or about October 21, 2004, he filed an Affidavit in the NWI suit. As to the contents of the Affidavit, it speaks for itself. To the extent the allegations contained in paragraph 22 of the Complaint accurately reflect the contents of the Affidavit, Smith admits them. To the extent the allegations contained in paragraph 22 of the Complaint do not accurately reflect the contents of the Affidavit, Smith denies each and every one of them.

23. Smith denies each and every allegation contained in paragraph 23 of the Complaint.

## Count I
### (Fraud)

24. Smith restates and incorporates his answer to paragraphs 1 through 23 of the Complaint.

25. Smith denies each and every allegation contained in paragraph 25 of the Complaint.

26. Smith denies each and every allegation contained in paragraph 26 of the Complaint.

27. Smith denies each and every allegation contained in paragraph 27 of the Complaint.

28. Smith denies each and every allegation contained in paragraph 28 of the Complaint.

### Count II
#### (Conversion/Misappropriation of Confidential Information)

29. Smith restates and incorporates his answers to paragraphs 1 through 28 of the Complaint.

30. Smith denies each and every allegation contained in paragraph 30 of the Complaint.

31. Smith denies each and every allegation contained in paragraph 31 of the Complaint.

32. Smith denies each and every allegation contained in paragraph 32 of the Complaint.

33. Smith denies each and every allegation contained in paragraph 33 of the Complaint.

34. Smith denies each and every allegation contained in paragraph 34 of the Complaint.

35. Smith denies each and every allegation contained in paragraph 35 of the Complaint.

### Count III
### (Violation of Mass. Gen. Laws c. 93 §42/Statutory Misappropriation of Trade Secrets and/or Confidential Information)

36. Smith restates and incorporates his answers to paragraphs 1 through 35 of the Complaint.

37. Smith denies each and every allegation contained in paragraph 37 of the Complaint.

38. Smith denies each and every allegation contained in paragraph 38 of the Complaint.

39. Smith denies each and every allegation contained in paragraph 39 of the Complaint.

40. Smith denies each and every allegation contained in paragraph 40 of the Complaint.

41. Smith denies each and every allegation contained in paragraph 41 of the Complaint.

42. Smith denies each and every allegation contained in paragraph 42 of the Complaint.

## Count IV
### (Breach of Fiduciary Obligation)

43. Smith restates and incorporates his answers to paragraph 1 through 42 of the Complaint.

44. Smith denies each and every allegation contained in paragraph 44 of the Complaint.

45. Smith denies each and every allegation contained in paragraph 45 of the Complaint.

46. Smith denies each and every allegation contained in paragraph 46 of the Complaint.

## Count V
### (Ch. 93A)

47. Smith restates and incorporates his answers to paragraphs 1 through 46 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is needed. To the extent that paragraph 48 of the Complaint contains any factual allegations, Smith denies each and every one of them.

49. Smith admits that he is an attorney and a businessman. The remainder of the allegations contained in paragraph 49 of the Complaint state a legal conclusion to which no response is needed. To the extent that paragraph 49 of the Complaint contains any additional factual allegations, Smith denies each and every one of them.

50. Smith denies each and every allegation contained in paragraph 50 of the Complaint.

51. Smith denies each and every allegation contained in paragraph 51 of the Complaint.

52. Smith denies each and every allegation contained in paragraph 52 of the Complaint.

**As to Plaintiff's Request from Relief**:

To the extent that Plaintiff's prayers for relief contain any factual allegations, Smith denies them. Smith specifically denies that Plaintiff is entitled to any of the relief it requests.

### Second Defense

**As to All Counts:**

The Complaint fails to state a claim upon which relief may be granted.

### Third Defense

**As To All Counts:**

Plaintiff is equitably estopped by its own conduct from recovery in this action.

### Fourth Defense

**As To All Counts:**

Plaintiff may not have or recover judgment against Smith because it has waived its right to pursue the remedies sought.

**Fifth Defense**

**As To All Counts**

Plaintiff may not have or recover judgment against Smith because it comes into this Court with unclean hands.

**Sixth Defense**

**As To All Counts**

Plaintiff may not have or recover judgment against Smith because of the doctrine of laches.

**Seventh Defense**

**As To All Counts**

Plaintiff is precluded from recovery because of the statute of frauds.

**Eighth Defense**

**As to Count I**

Plaintiff cannot demonstrate that Smith made any false statements which constituted assertions of fact (rather than projections, conjecture, or sales puffery) upon which the Plaintiff reasonably relied to its detriment.

**Ninth Defense**

**As to Count I**

Neither the Plaintiff nor Smith were parties to the joint venture between HSN and NWI, and therefore the Plaintiff has no standing to sue Smith for claims arising from the joint venture, including any alleged misrepresentations to induce the formation of the joint venture.

**Tenth Defense**

**As To Counts II and III**

Plaintiff may not have or recover judgment against Smith because consideration has already been given.

**Eleventh Defense**

**As to Counts II and III**

The information at issue in the Plaintiff's Complaint was available publicly in the spunbond industry.  Plaintiff cannot demonstrate that the information allegedly provided to Smith was a trade secret, confidential or proprietary to the Plaintiff.  Furthermore, the Plaintiff cannot demonstrate that it took steps to protect its information, or that Smith had any obligation, contractual or otherwise, to keep the information allegedly belonging to the Plaintiff (and provided to Smith) confidential.

**Twelfth Defense**

**As to Counts II and III**

Plaintiff's Complaint fails to allege that Smith disclosed confidential or proprietary information to any third party, which alleged disclosure Smith denies.

**Thirteenth Defense**

**As to Count IV**

Smith was not the sole member or promoter of NWI-USA, and Smith owed no fiduciary or other duties to the Plaintiff as a result of the Joint Venture Agreement, the Sales and Marketing Agreement or otherwise.

**Fourteenth Defense**

**As To Counts IV and V**

Any actions undertaken by Smith were done so in the good faith exercise of his business judgment.

**Fifteenth Defense**

**As to Count V**

Plaintiff cannot prove that Smith and the Plaintiff transacted any business or trade together.

**Sixteenth Defense**

**As to Count V**

Plaintiff cannot demonstrate that Smith defrauded the Plaintiff, or engaged in any other unfair or deceptive acts or trade practices against Plaintiff.

**Seventeenth Defense**

**As to Count V**

Neither the Joint Venture Agreement nor the Sales and Marketing Agreements can form the basis for a 93A claim because both were formed outside of the Commonwealth of Massachusetts, and have choice of law provisions wherein Alabama law governs and the parties submit themselves to the jurisdiction of Alabama's courts. Furthermore, a breach of these agreements, even if such a breach occurred (which Smith specifically denies), does not constitute a violation of Mass. Gen. Laws ch. 93A.

**Eighteenth Defense**

**As to All Counts:**

Litigation should be stayed pending the resolution of related litigation in Alabama arising out of a binding settlement agreement that is not being enforced as a result of the Plaintiff's failure to provide a release. In addition, the litigation should be stayed pending non-binding mediation of the Plaintiff's claims in Mobile, Alabama pursuant to the terms of the Sales and Marketing Agreement and the Joint Venture Agreement upon which the Plaintiff relies. Thereafter, the Courts in Mobile, Alabama have exclusive jurisdiction over the Plaintiff's claims, which shall be governed by Alabama law.

WHEREFORE, defendant David Smith prays that judgment be entered in his favor, that the Complaint be dismissed with prejudice and that Smith be awarded his costs and attorneys' fees incurred pursuant to Mass. Gen. Laws ch. 231 §6F.

DAVID SMITH,

By his attorneys,

/s/ Windy L. Rosebush
Timothy P. Van Dyck
Windy L. Rosebush
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110
617-439-4444

Date: January 3, 2005

**CERTIFICATE OF SERVICE**

    I, Windy L. Rosebush, hereby certify that on this 3rd day of January, 2005, I caused a copy of the foregoing document to be served upon Kristin M. Cataldo, Esq. Gadsby Hannah LLP, 225 Franklin Street, 21st Floor, Boston, MA 02110 by filing the same electronically.

    /s/ Windy L. Rosebush