UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J. KENNETH KEARNEY USA LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 04 CV 12643 RCL |
| ) | |
| DAVID SMITH ) | |
| ) | |
| Defendant. ) | |

**JOINT STATEMENT OF PROPOSED PRETRIAL SCHEDULE**

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties respectfully submit the following proposed pre-trial schedule.

**I.  Claims for Relief**

**A.  Plaintiff's Statement of Claims**

Plaintiff J. Kenneth Kearney USA Ltd. ("Kearney USA") brings this action against David Smith ("Smith") for fraud, misuse of confidential information and, alternatively, for breach of fiduciary duty. These claims for relief arise out of Smith's participation in and direction of a fraudulent scheme to obtain from Kearney USA confidential business information and to provide Smith with market and sales information from Kearney USA, to induce Kearney USA to enter into a business deal with Smith's joint venture, and to induce Kearney USA not to go forward with other competitive ventures. At the same time, Smith had no intention of completing the joint venture and took for himself the opportunities that were to be business opportunities of the joint venture.

**B.     Defendants Defenses**

It is the Defendant David Smith's ("Smith") position that these claims arise out of a sales and marketing agreement (the "S&M Agreement") entered into between JKK and Smith's business, Hartge Smith Nonwovens, LLC ("HSN").  Plaintiff J. Kenneth Kearney USA Ltd. ("JKK") has brought these claims against Smith in his individual capacity in an attempt to circumvent the alternative dispute resolution, choice of law and forum selection provisions (¶10) of the S&M Agreement ("Dispute Resolution Provisions").  Moreover, JKK's claims are frivolous and were brought to extract a monetary settlement from Smith in closely related litigation which has been pending in the United States District Court for the Southern District of Alabama for over one year (the "Alabama Litigation").

JKK's claims, though plead in a variety of ways, are based upon the allegation that Smith obtained and disclosed JKK's confidential information.  However, JKK cannot demonstrate that: a) there was a confidentiality or nondisclosure agreement in place between Smith (or HSN) and JKK; b) JKK took appropriate measures to maintain the alleged confidentiality of the information; c) the information allegedly disclosed by JKK qualifies as confidential; or d) any claim of confidentiality was not waived when the information was made a part of the public record in the Alabama Litigation.

**C.     Settlement Discussions**

At the Scheduling Conference on February 9, 2005, the parties agreed to attempt to mediate this case.  Thereafter, the parties were unable to agree to the conditions of the mediation and no mediation was held.  Additionally, correspondence regarding settlement has been exchanged by counsel.  However, the parties were unable to reach a settlement in this case.

**D.** **Proposed Discovery Schedule**

1. Initial Discovery pursuant to Fed. R. Civ. P. 26

    a. On or before April 8, 2005, the Defendant will respond to Plaintiff's complaint;

    b. On or before April 22, 2005 the parties will provide all information required under Fed. R. Civ. P. 26(a)(1);

    c. Pursuant to Fed. R. Civ. P. 26(a)(1)(B), on April 22, 2005 or immediately thereafter, the parties will identify and make available for copying and inspection all documents, data compilations, and tangible things that are in their possession, custody or control, which the disclosing party may use to support its claims or defenses;

    d. On or before April 29, 2005, the parties will provide a privilege log with respect to any documents not produced in accordance with Fed. R. Civ. P. 26(a)(1)(B), which log shall include the following: the document's author, the general subject matter, addressees and copy recipients, the date of the document, and the basis for the claim of privilege.

2. Document Discovery

    a. Initial document requests shall be propounded by May 27, 2005;

    b. Any party claiming a privilege with respect to a responsive document will provide, with its response to such request, a privilege log which provides the information as set forth in section (D)(1)(c) above;

    c. There shall be no limitation on the number of document requests that any party can propound so long as the requests require a response within the discovery period.

3. Interrogatories

    a. Each party shall have a total of 25 interrogatories which can be used by any party at any time during discovery.

4. Depositions

    a. Without further order of the Court, the plaintiff and defendant shall each be entitled to take up to ten (10) depositions each, not including Keeper of the Record ("KOR") depositions, which shall be unlimited in number;

    5.    <u>Completion of Discovery</u>

        a.    All fact discovery shall be completed by October 7, 2005.

    6.    <u>Expert Discovery</u>

        a.    Expert witnesses and related information shall be disclosed as specified in Fed. R. Civ. P. 26(a)(2), in accordance with the dates set forth below:

        b.    Plaintiff's expert report(s)[1] shall be served on or before October 28, 2005.

        c.    Defendant's expert report(s) shall be served on or before November 25, 2005;

        d.    To the extent Plaintiff presents the report of an expert for the sole purpose of contradicting or rebutting evidence set forth in Defendant's expert report(s), such expert rebuttal report(s) shall be served on or before December 9, 2005.

    7.    <u>Dispositive Motions</u>

Dispositive Motions shall be due on or before January 6, 2006.

**E.    Pretrial Conference and Trial**

A Final Pretrial Conference will be held on February 13, 2006, and the trial on March 13, 2006 or such other days as the Court may direct.

**F.    General Stipulations Regarding Discovery**

1.    If any party reasonably believes that a protective order is necessary to safeguard confidential or proprietary information, such party shall propose a protective order to the other party prior to April 29, 2005.

2.    Each party is required to supplement its answers to interrogatories and document requests as required by the Federal Rules.

---

[1] It is the Plaintiff's position that if the Defendant seeks to put forth affirmative expert evidence, such a report would be due at the time Plaintiff's report is due, with the reply dates as set forth above in (6)(c) and (d). Defendant disagrees with this, and believes that the Plaintiff should be required to produce its expert report before the Defendant is required to respond with an expert report, so that the Defendant has the opportunity to address the issues raised in the Plaintiff's expert report.

- 5 -

3.  In a good faith effort by any party to avoid additional costs, any party may request a further case management conference or alteration of this schedule.

Respectfully submitted,

| DAVID SMITH,<br>By his attorneys,<br><br>  /s/ Windy L. Rosebush<br>Timothy P. Van Dyck, BBO # 54834<br>tvandyck@EdwardsAngell.com<br>Windy L. Rosebush, BBO #6 36962<br>wrosebush@EdwardsAngell.com<br>Edwards & Angell, LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 439-4444 | J. KENNETH KEARNEY USA LTD.<br>By its attorneys,<br><br>  /s/ Kristin M. Cataldo<br>William A. Zucker, BBO # 541240<br>wzucker@ghlaw.com<br>Kristin M. Cataldo, BBO # 654033<br>kcataldo@ghlaw.com<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA  02110<br>(617) 345-7000 |
|---|---|

March 30, 2005